UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUE ANNE BUCHANON,

    Plaintiff,

v.                                                    Case No. 8:19-cv-2238-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.**     **Procedural Background**

Plaintiff filed an application for DIB on October 16, 2015, alleging disability beginning on February 17, 2015 (Tr. 195-200). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 92-113, 118-122). Plaintiff then requested an administrative hearing (Tr. 124-125). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 35-77). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 7-27). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6, 191-94). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.      Factual Background and the ALJ's Decision

Plaintiff, who was born in 1969, claimed disability beginning February 17, 2015 (Tr. 10, 19). Plaintiff obtained a high school education (Tr. 19). Plaintiff does not have any past relevant work (Tr. 19). Plaintiff alleged disability due to ADHD, vertigo, mild depression, and severe allergies (Tr. 78).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2019 and had not engaged in substantial gainful activity since February 17, 2015, the alleged onset date (Tr. 12). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: migraines; tinnitus; bilateral hearing loss; meniere's syndrome with chronic vertigo; allergies; allergic rhinitis; asthma; attention deficit/hyperactivity disorder (ADHD); somatoform disorder; and obesity (Tr. 12). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 12). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform:

> [S]edentary work as defined in 20 CFR 404.1567(a) that does not require climbing ladders, ropes or scaffolds; nor more than occasional climbing ramps/stairs, crawling, crouching, kneeling, balancing and stooping: nor more than a concentrated exposure to extreme heat, vibrations, hazards, noise, florescent light, or irritants such as fumes, odors, dust, gases or poorly ventilated areas: and further limited to work that is simple as defined in the DOT as SVP levels 1 and 2, Routine and Repetitive tasks.

(Tr. 15). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of the underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's

2

statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 16).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ noted that Plaintiff had no past relevant work (Tr. 19). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a lens inserter, stone setter, and an order clerk, food and beverage (Tr. 20). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 20).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that

3

significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct

legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III.

Plaintiff argues that the ALJ erred by not properly considering the medical opinion of (1) Dr. Gregory Marone; (2) the Vocational Rehabilitation Report; and (3) the medical opinion of Dr. Christopher Danner in determining Plaintiff's RFC.[1]  For the following reasons, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

#### A.     **Medical Opinion Evidence**

When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). The Social Security regulations provide guidelines for the ALJ to employ when evaluating medical opinion evidence. *See* 20 C.F.R. §§ 404.1527, 416.927. In determining the weight to afford a medical opinion, the ALJ considers a variety of factors including but not limited to the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion is consistent with the record as a whole, and the area of the doctor's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c). For instance, the more a medical source presents evidence to support an opinion, such as medical signs and laboratory findings, the more weight that medical opinion will receive. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Further, the more consistent the medical opinion is with the record as a whole, the more weight that opinion will receive. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). These factors apply to both examining and non-examining physicians. *Id.* §§ 404.1527(e), 416.927(e). The opinion of a non-examining

---

[1] In the Joint Memorandum (Doc. 23), Plaintiff failed to separate each issue into different subheadings, as required and set forth in the undersigned's November 26, 2019 Scheduling Order (Doc. 17, at 4). Regardless, the Court will address each issue separately.

physician "taken alone" does not constitute substantial evidence to support an administrative law judge's decision. *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990). A claimant's RFC is, ultimately, "a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive"). *Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. Appx. 483, 486 (11th Cir. 2012).

### i. Dr. Marone

First, Plaintiff contends that the ALJ's statements regarding Dr. Marone's examination were factually incorrect and legally insufficient. Specifically, Plaintiff argues that the ALJ mischaracterized what was in Dr. Marone's examination report and left out important findings and observations which support his ultimate conclusion (Doc. 23, at 11). For example, Plaintiff takes issue with the language of the ALJ's decision that states, "Dr. Marone's own examination notes indicated recent and remote memory only mildly impaired by attention/concentration" (Tr. 15). In this regard, Plaintiff claims that Dr. Marone never stated "only mildly impaired" recent and remote memory (Tr. 441); (Doc. 23, at 12). As such, Plaintiff contends the ALJ "cherry picked" his findings and such mischaracterization warrants remand.

Here, the ALJ did not err in his evaluation of Dr. Marone's examination of Plaintiff. As a whole, the ALJ found Dr. Marone's opinion inconsistent with the other medical evidence in the record. The ALJ stated:

> Dr. Marone's own examination notes indicated recent/remote memory only mildly impaired by attention/concentration, alert, fully oriented, intact associations, intact fund of knowledge, intact thought process, no cognitive limitations, fair insight/judgment, normal psychomotor function, appropriate appearance, good hygiene, and speech that was normal in clarity, inflection, pace. and volume. Treatment notes routinely indicated intact recent/remote memory, normal mood, normal affect, alert, fully oriented, intact thought process, and grossly normal attention/concentration.

(Tr. 15-16).

In rendering this decision, the ALJ relied upon the entirety of Dr. Marone's opinion, which he noted, is overall inconsistent. Dr. Marone first observed Plaintiff to be difficult to interview while experiencing extreme limitations in attention and concentration (Tr. 440). However, later in his examination, Dr. Marone opined that Plaintiff's speech was adequate and she was able to "express thoughts and ideas in a logical but highly tangential manner" (Tr. 440). He also opined that Plaintiff's thought process was intact and her memory, both recent and remote only "*appeared* affected by wandering attention and concentration" (Tr. 441) (emphasis added). Overall, her judgement, insight, and reasoning seemed fair (Tr. 441). Dr. Marone's final opinion was that Plaintiff's mental status "portrayed a polite but cooperate highly energetic Caucasian female" with "average to above average fund of active vocabulary" and her speech "markedly tangential" with no "loosening of associations" (Tr. 441). Her thought process was intact and her memory only appeared to be "*mildly compromised* by attention and concentration" (Tr. 441) (emphasis added). As such, the ALJ's assessment properly accounted for the entirety of Dr. Marone's opinion. Plaintiff's contention that Dr. Marone never used the exact words "mildly impaired" as compared to his actual language of "mildly compromised" is of no consequence and does not constitute error. The ALJ properly evaluated Dr. Marone's medical opinion by summarizing his findings and concluding that Dr. Marone's own examination was inconsistent, both within itself and as compared to the record as a whole. As Dr. Marone's opinion is unsupported by his own examination, as well with the record as a whole, the ALJ properly discounted his opinion. Therefore, the ALJ did not err in his evaluation of Dr. Marone's examination and substantial evidence supports the ALJ's decision.

### ii. Vocational Rehabilitation Report

Next**,** Plaintiff contends that the ALJ erred by affording little weight to the opinion of the Vocational Rehabilitation Report completed by VRS Jones of Accessible Rehabilitation

Consulting, LLC (Tr. 369-376). Plaintiff argues that the report was conducted by a governmental entity on disability, and thus was entitled to great weight (Doc. 23, at 12-13). Additionally, she contends that the report was provided to Dr. Marone by the administration and the failure to consider the report was an error (Doc. 23, at 13). The record, however, does not support this contention.

Generally, findings of another agency or disability, while not binding on the Commissioner, are entitled to great weight. 20 C.F.R. § 404.1504 [2]; *Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983). Here, the "Vocational Evaluation Report" is a document completed by VRS Jones of Accessible Rehabilitation Consulting, LLC (Tr. 369-376). The Florida Department of Education, Division of Vocational Rehabilitation, referred Plaintiff for the evaluation (Tr. 369). The document is not considered a determination by a government entity regarding disability because it is merely a report of VRS Jones's examination, recommendations about workplace accommodations, and comments about Plaintiff's rehabilitation potential conducted seven months prior to Plaintiff's alleged onset disability date (Tr. 369-376). Simply stated, the report is a vocational assessment by a private entity, not a disability determination by a government agency. Notably as well, the ALJ references the report throughout his decision (Tr. 13, 14, 17). Additionally, there is no evidence to support Plaintiff's contention that the administration provided the report to Dr. Marone as it was conducted by an outside entity nearly seven months prior to the Plaintiff's alleged onset disability date. Since the report is not considered a disability determination by a

---

[2] The SSA amended the regulation in 2017 (with an effective date of March 27, 2017) to indicate that no analysis would be provided by the administration regarding decisions made by any other agency regarding whether a claimant is disabled. *See* 20 C.F.R. § 404.1504. The amended regulation does not apply to Plaintiff's claim as Plaintiff's application for disability was filed on October 16, 2015 and the new regulation applies only to claims filed on or after the March 27, 2017 effective date.

government agency, it was not entitled to great weight. The ALJ properly considered the evidence and discussed the report three different times in his decision. As such, the ALJ did not err in affording the Vocational Rehabilitation Report little weight in rendering his decision.

### iii. Dr. Danner

Finally, Plaintiff contends the ALJ committed error in failing to properly access the medical opinion of Dr. Danner when rendering Plaintiff's RFC. Dr. Danner opined that Plaintiff would need to "avoid job situations that place her in direct sunlight and florescent lights because this will exacerbate headaches" (Tr. 340). The ALJ determined that Plaintiff had an RFC to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) that does not require climbing ladders, ropes or scaffolds; nor more than occasional climbing ramps/stairs, crawling, crouching, kneeling, balancing and stooping: nor more than a concentrated exposure to extreme heat, vibrations, hazards, noise, florescent light, or irritants such as fumes, odors, dust, gases or poorly ventilated areas: and further limited to work that is simple as defined in the DOT as SVP levels 1 and 2, Routine and Repetitive tasks.

(Tr. 15).

Based upon this RFC, the Vocational Expert found that Plaintiff could perform three jobs: lens inserter, stone setter, and order clerk, food and beverage (Tr. 20). The VE also testified that the job of stone setter was performed in a setting where the light was "[n]ot overhead, it's going to be below" (Tr. 72) and takes place "mostly in a jewelry store" and "in a little isolated room where [the worker] can control their lighting and the lighting is below their sight of vision," "[n]ot from overhead" (Tr. 74-75). Relying on this testimony, the ALJ determined Plaintiff was not disabled and that jobs existed in the economy that Plaintiff could perform. Plaintiff contends that in failing to include her direct sunlight limitation, the ALJ erred in rendering her RFC. Indeed, failing to include Plaintiff's direct sunlight limitation in her RFC was an error on behalf of the ALJ. However, that error is harmless as it does not affect the outcome of Plaintiff's case. *See Jones v. Comm'r of Soc. Sec.*, 492 F.Appx. 70, 73 (11th Cir. 2012) (finding ALJ's failure to include a driving limitation was harmless because it did not

affect the outcome of Plaintiff's case, because the jobs identified by the VE did not appear to involve driving and claimant made no argument that driving was an essential function of any of the jobs); *See also Battle v. Astrue*, 243 F.Appx. 514, 522 (11th Cir. 2007)(finding substantial evidence supported the ALJ's findings and that the ALJ's failure to characterize Plaintiff's education level correctly in his hypothetical question was harmless and did not prejudice Plaintiff because the occupation was unskilled). Although the ALJ's RFC failed to account for Plaintiff's limitation of direct sunlight, the ALJ's decision was still based upon substantial evidence, notably the testimony of the VE who did account for Plaintiff's light limitation. The VE's testimony demonstrates that Plaintiff would not be exposed to direct sunlight in the job of stone setter (Tr. 72, 74- 75). Moreover, Plaintiff makes no argument that the essential function of any of these jobs includes direct sunlight. Therefore, the ALJ's failure to include Plaintiff's direct sunlight limitation in her RFC is harmless and does not affect the outcome of Plaintiff's case.

Plaintiff also contends that the ALJ failed to account for environmental agents that exacerbate Plaintiff's headaches when rendering her RFC. Specifically, Dr. Danner opined that Plaintiff has several "environmental allergies" that she should evaluate exposure to as they tend to worsen her headaches (Tr. 340). Plaintiff contends that those "environmental allergies" refer to her dietary allergies of corn, pineapple, peas, lima beans, and pork (Tr. 340). However, the Commissioner contends that Dr. Danner was actually referring to allergies noted in the assessments section of the medical record, such as direct sunlight (Tr. 340). Regardless of what Dr. Danner was referring to in his opinion, it is clear that the job of food and beverage order clerk would not be feasible for Plaintiff due to her food allergies. However, the exclusion of this job option does not mean that the ALJ erred and his decision was not based upon substantial evidence. Plaintiff was found to also be able to perform the jobs of stone setter and lens inserter.

Importantly, Plaintiff makes no argument that an essential function of stone setter and lens inserter includes environmental allergies, such as her dietary restrictions. *See Jones,* 492 F.Appx. at 73. Further, as stated, the job of stone setter accounts for Plaintiff's environmental allergy of direct sunlight. Therefore, inclusion of the environmental allergies, regardless of Dr. Danner's meaning, would not change the outcome of Plaintiff's case. *See id*. As such, remand is unwarranted.

### IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 29th day of September, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record